UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TINA PAREDES** | **CASE NO. 6:19-CV-01236** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DOLGENCORP L L C** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 23) filed by Defendant Dolgencorp, LLC ("Dollar General") wherein Defendant moves for dismissal with prejudice of Plaintiff's claims under the Louisiana Merchant Liability Statute against Dollar General.

## FACTUAL STATEMENT

On or about October 8, 2018, Plaintiff Tina Paredes slipped on liquid detergent on an aisle of the Dollar General Store.[1] Neither Ms. Paredes, nor her witness have information as to how the detergent got on the floor or how long it had been there immediately prior to her slip and fall.[2] Neither Ms. Paredes, nor her witness have any information as to whether or not a Dollar General employee caused the detergent to be on the floor or knew it was on the floor prior to Ms. Paredes' slip and fall.[3]

---

[1] Doc. 1-2 Petition for Damages, ¶¶ 4-5; Defendant's exhibit A, Tina Paredes deposition, p. 72.
[2] Id. p. 74; Defendant's exhibit B, David Martin deposition. p. 30.
[3] Id.

## **SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Dollar General maintains that Ms. Paredes has insufficient evidence to establish liability against it under the Louisiana Merchant Liability Statute. Specifically, Ms. Paredes cannot prove that Dollar General had actual or constructive notice of a hazardous condition in the store that allegedly caused her to slip and fall.

In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. Louisiana Revised Statute § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997). A store owner is not liable every time an accident happens in the place where he/she conducts business operations. *Bennett v. Brothers Avondale, L.L.C.*, 170 So.3d 1179, 1182 (La. App. 5 Cir. 5/4/15).

*Actual or constructive notice*

"To survive a motion for summary judgment, a plaintiff must submit 'positive evidence' that a merchant created or had actual or constructive notice of the conditions that allegedly caused a plaintiff's damages." *Perez v. Winn-Dixie Montgomery, LLC*, 2019 WL 1367526, at *2 (E.D. La. Mar. 26, 2019) (quoting *Duncan v. Wal-Mart La., LLC*, 863 F.3d

406, 410 (5th Cir. 2017)). To show "constructive notice" under the LMLA, the plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." Louisiana Revised Statute § 9:2800.6(C)(1). An employee's presence near the condition "does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.* Accordingly, plaintiff bears "an onerous burden" in satisfying this element of his claim. *Scott v. Dillard's, Inc.*, 169 So.3d 468, 472 (La. Ct. App. 5th Cir. 2015).

Dollar General maintains that there is no evidence that it had actual notice of the alleged hazardous condition prior to the incident, nor is there any positive evidence that Dollar General had constructive notice of the detergent on the floor prior to Ms. Paredes' slip and fall.

Ms. Paredes maintains that she has provided evidence regarding how long the hazardous condition existed on the floor prior to her fall and that Dollar General had constructive notice of the existence of the hazardous condition prior to her fall. To prove constructive notice, Ms. Paredes relies on the combined testimony of Ms. Paredes, Mr. Martin who accompanied her to the store, and Dollar General employee Krystal Collins, and a video surveillance footage from the date and time of the incident.

The video surveillance footage reveals that three (3) customers walked the aisle on which Ms. Parades slipped and fell without incident within approximately twenty-two (22) minutes leading up to her fall. Dollar General employee Collins is seen walking down the

aisle and then later stocking a shelf in the area of the aisle where the incident occurred prior to Ms. Parede's fall.

Ms. Paredes argues that the Court can infer that the liquid which caused her fall must have been on the floor for at least twenty-two minutes prior to her fall. Ms. Paredes speculates that it must have been Collins that created the spill which caused her to fall. Ms. Paredes contends that based on the video surveillance Dollar General had constructive notice of the hazardous condition.

Dollar General argues that Ms. Paredes' speculation is insufficient to survive summary judgment, and that the video surveillance footage does not provide any positive evidence to establish that the alleged condition existed for some period of time prior to Ms. Parades' fall, and/or that such period of time was sufficiently lengthy to place Dollar General on notice of its existence.

Dollar General remarks that the surveillance footage does not show the condition of the floor, but that a woman enters the subject aisle immediately prior to Plaintiff's entrance on the aisle, and walks down the exact path taken by plaintiff without incident.[4] Dollar General argues that Ms. Paredes' opposition fails to identify any video footage displaying the creation of the condition, or the presence of the liquid on the floor before Ms. Paredes' fall. Dollar General complains that Ms. Paredes is attempting to shift the burden to it to prove the condition was not created before the video began.

---

[4] Defendant's exhibit A, Surveillance footage, 10:01:003 and 10:34:44.

Dollar General relies on *Taylor v. Wal-Mart Stores, Inc.*, 464 Fed. Appx. 337 (5th Cir. 2012) wherein the Fifth Circuit affirmed the District Court's finding that the video showed only the passage of time and lacked visual evidence of a wet substance on the floor. In *Taylor*, about 13 minutes prior to the incident, a customer shuffled her feet in the area where plaintiff fell and shortly thereafter several customers and buggies passed through the area without incident. The Fifth Circuit ruled in favor of defendant noting that courts will not infer constructive notice for purposed of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario. *Id.*, citing *Bagley v. Albertsons, Inc.,* 492 F.3d 328 (5th Cir. 2007).

Also, in *Adams v. Dolgencorp, L.L.C.,* 559 Fed. Appx. 383 (5th Cir. 2014), the Fifth Circuit reiterated its holding in *Taylor* affirming the District Court's grant of a motion for summary judgment for defendant where the store surveillance partially showed the area near where the plaintiff fell, but did not show the portion of the floor where the alleged hazardous condition was located. The employee testified that she had inspected all of the aisles and did not observe lotion on the floor. She also testified that she was working near the area where plaintiff fell but was not aware of the spilled lotion until after the incident. Plaintiff argued that the surveillance footage showed her walking to the aisle where she fell which "indicates the lotion must have been on the floor for long enough to be discovered." *Id.* at 386.

In *Cone v. DG Louisiana LLC,* 2019 WL 1111463 (E.D. La. 2019), the plaintiff allegedly she slipped and fell on a plastic "milk tab." Defendant filed a motion for summary on grounds that plaintiff could not carry her burden of proving the temporal element of

constructive notice. Plaintiff argued that the surveillance footage clearly established that a plastic object existed on the floor for at least forty minutes without any employee attempting to clear the area.[5] Plaintiff urged the courts to infer that the milk tab must have been on the ground for at least forty-one minutes because the area of the incident remained virtually unchanged during that time-period.

The Court rejected the argument and noted that "[plaintiff] attempts to shift the burden to Dollar General that the condition was not created before the video began. And the Louisiana Supreme Court, quite directly, has made clear that 'the statute provides for no such shift.'" Id. citing *White v. Walmart Stores,* 699 So.2d 081, 1085 (La.1997). The court relied on *Taylor* and held that the video "shows nothing more than the passage of time and lacks any visual evidence of a plastic object on the floor. It does not show someone or something placing the object on the ground, and it does not show others slipping or attempting to avoid the area. To the contrary, the video depicts several other customers walking down the same aisle without incident immediately prior to the plaintiff's loss of balance." Id. at *4.

The Court finds that Ms. Paredes' summary judgment evidence fails to create a genuine issue of material fact for trial. The surveillance footage merely shows the passage of time, and that a few people walked down the isle without incident. Even considering that portion of the video which shows Collins stocking the shelves, the video footage in no way reveals that Collins created the hazardous condition.

---

[5] Id.

*Inspection procedures*

Ms. Paredes maintains that Defendants have no inspection procedure to alert employees of potentials for slips, trips, and falls, and the Dollar General's employees did not abide by its maintenance policy on the date of the incident. Dollar General argues that Ms. Paredes' arguments are immaterial to meeting the temporal requirement of constructive notice under Louisiana Revised Statute 9:2800.6. The Court agrees. While the inspections, and/or the lack thereof, may be relevant to the issue of reasonable care, Ms. Paredes must first establish that Dollar General either created the hazardous condition or had actual or constructive notice of the hazardous condition that caused Ms. Paredes' slip and fall. Ms. Paredes has failed to meet her burden in this respect.

## **CONCLUSION**

For the reasons set forth above, the Court finds that Ms. Paredes has failed to create a genuine issue of fact for trial as to whether or not Dollar General either created, or had actual or constructive notice of the hazardous condition that caused Ms. Paredes' slip and fall. Accordingly, the Court will grant Dollar General's Motion for Summary Judgment and dismiss Ms. Paredes' claims with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 5th day of March, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**